J-S51042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW CHARLES NAYLOR, | |
| Appellant | No. 679 EDA 2015 |

Appeal from the Judgment of Sentence July 9, 2014
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0004121-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                 **FILED SEPTEMBER 09, 2015**

Appellant, Matthew Charles Naylor, appeals, *nunc pro tunc*, from the judgment of sentence entered on July 9, 2014, following his jury conviction of simple assault.[1]  On appeal, Appellant challenges the weight of the evidence.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's opinion of April 21, 2015 and our independent review of the certified record.

> On August 22, 2013, Ryan Palmer, a young man disabled as a result of a brain injury suffered in March, 2006 in an automobile accident, went to visit a friend at the friend's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701(a)(1).

apartment in the Chester Building in Phoenixville, Pennsylvania. Also visiting at the apartment were [Appellant] and another individual. During conversation, [Appellant] told the others that he was short on cash and needed money for food. Mr. Palmer felt bad for [Appellant] because he did not have any money for food and decided to do [Appellant] a favor and loan him $20 to buy food. [Appellant] told Mr. Palmer that he would repay him later that night when he got some money. Later that night, [Appellant] claimed that he couldn't find his money, and asked Mr. Palmer if he could repay him the next day.

The next day, Mr. Palmer returned to the apartment to collect his money from [Appellant]. Mr. Palmer asked [Appellant] for the $20 he owed him from the day before. [Appellant] told him he did not have the money and told Mr. Palmer he was calling pawn shops in order to get the money. [Appellant] told Mr. Palmer he would pay him the next day and give him an additional $10; Mr. Palmer agreed.

At that point, Mr. Palmer turned around to leave, and [Appellant] started to walk away toward the stairs. [Appellant] then turned around and approached Mr. Palmer. Mr. Palmer believed [Appellant] was coming back to thank him or apologize. As Mr. Palmer stood with his hands by his side, [Appellant] suddenly punched him with a closed fist, hitting him in the face near his left eye.

Mr. Palmer testified that he did not want to fight and left the building, despite [Appellant's] taunts, standing by the building door and yelling at him to "come back and handle it like a real man." Mr. Palmer testified that he did not go back inside because he is only 5 feet 8 ½ inches tall and weighs 120 pounds and [Appellant] is much bigger.

Mr. Palmer left the apartment building and went to the police station about a block away. The doors were locked and the window was closed, so he went home and called the police. When Mr. Palmer called the police from his home, they told him to return to the police station. Mr. Palmer did not have a car, so [he] walked approximately 2 ½ blocks back to the police station.

When Mr. Palmer arrived at the police station, Officer Brad Dobry was there to let him in. Officer Dobry took photos of Mr. Palmer's face. The photos show Mr. Palmer's swollen and

bruised left eye. Mr. Palmer testified that he did not seek medical treatment, the swelling lasted a couple of days and his face was bruised for about a week. Mr. Palmer provided Officer Dobry [with] a written statement of the events that transpired on August 23, 2013.

Officer Dobry testified that he took the photos and the written statement given by Mr. Palmer regarding the incident. Officer Dobry did not conduct any interviews with regard to this incident because Mr. Palmer told him there were no witnesses. Officer Dobry testified that he did not speak with [Appellant] on August 23, 2013. Officer Dobry testified that he filed charges against [Appellant] based upon Mr. Palmer's written statement.

(Trial Court Opinion, 4/21/15, at 2-3) (record citations omitted).

On May 13, 2014, a jury convicted Appellant of simple assault. On July 9, 2014, the trial court sentenced Appellant to a term of incarceration of not less than one nor more than two years and a $500 fine. Appellant did not file any post-sentence motions and did not file a direct appeal.

On November 18, 2014, Appellant, acting *pro se*, filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, seeking restoration of his direct appeal rights. On November 25, 2014, the PCRA court appointed counsel. On January 20, 2015, counsel filed an amended PCRA petition. On February 13, 2015, the trial court granted the PCRA petition and restored Appellant's direct appeal rights.

Appellant filed the instant appeal on March 6, 2015. On March 10, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Appellant filed his Rule

1925(b) statement on March 18, 2015. On April 21, 2015, the court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review: "[w]hether the verdict of guilty for the crimes charged against [Appellant] was against the weight of the evidence presented?" (Appellant's Brief, at 3).

On appeal, Appellant challenges the weight of the evidence. (*See id.* at 5-6). Prior to reaching the merits of Appellant's claim, we must decide if it is properly before us. Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 430 (Pa. Super. 2009). Further, an appellant cannot raise new legal theories for the first time on appeal. *See* Pa.R.A.P. 302(a); *Commonwealth v. Truong*, 36 A.3d 592, 598 (Pa. Super. 2012) (*en banc*), *appeal denied*, 57 A.3d 70 (Pa. 2012).

Here, in his Rule 1925(b) statement, Appellant alleged that the evidence was insufficient to sustain his conviction. (*See* Matters Complained of on Appeal Filed [sic] in accordance with Pa.R.A.P. § [sic] 1925[b], 3/18/15, at 1). Thus, because Appellant did not raise his weight of the evidence claim in his Rule 1925(b) statement and because he is raising it for

- 4 -

the first time on appeal, he waived it. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***see also*** Pa.R.A.P. 302(a).

Moreover, even if Appellant had raised the issue in his Rule 1925(b) statement, he would still have waived it. This Court cannot consider, in the first instance, a claim that the verdict is against the weight of the evidence. ***See Commonwealth v. Brown***, 648 A.2d 1177, 1189-91 (Pa. 1994) (weight of evidence claims must first be presented to the trial court); ***Commonwealth v. O'Black***, 897 A.2d 1234, 1239-40 (Pa. Super. 2006) (same). Here, Appellant did not make an oral motion on the record prior to sentencing and also did not file post-sentence motions raising this issue. ***See*** Pa.R.Crim.P. 607. Thus, he did not preserve the issue for our review. ***See Commonwealth v. Burkett***, 830 A.2d 1034 (Pa. Super. 2003).

Accordingly, because Appellant waived his weight of the evidence claim, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015