COMMONWEALTH of Pennsylvania, Appellee

v.

**John E. O'BLACK, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 6, 2005.

Filed April 13, 2006.

Peter J. Daley, II, California, for appellant.

John W. Peck, Asst. Dist. Atty., and James R. Hopson, Asst. Dist. Atty., Greensburg, for Com., appellee.

BEFORE: KLEIN, PANELLA, and JOHNSON, JJ.

OPINION BY JOHNSON, J:

¶ 1 John E. O'Black appeals the judgment of sentence imposed following his convictions for one count of each of the following: Driving Under the Influence of Alcohol, Driving Vehicle at Safe Speed, Careless Driving, and Driving While Operating Privilege is Suspended or Revoked, *see* 75 Pa.C.S. §§ 3731(a)(1), 3361, 3714, 1543(b), respectively. On appeal, O'Black argues that there is insufficient evidence to support the convictions, that the convictions are against the weight of the evidence, and that the trial court erred in failing to grant O'Black's motion to suppress certain statements made by O'Black. None of O'Black's contentions have merit. Consequently, we affirm the trial court's judgment of sentence.

¶ 2 The trial court set forth the following factual summation:

On December 1, 2003 Mr. Michael Cursi was on his way home after visiting a friend. At approximately 2:30 a.m. he was on State Route 70 traveling west. Mr. Cursi noticed a truck on the guardrail on the off ramp of the Monessen exit. He stopped his vehicle, backed up, and then got out and walked over to the truck. The truck was wobbling on the guardrail, was completely off the road, and its back tires were spinning. The motor of the vehicle was still running and Mr. Cursi identified the Defendant as the driver of the truck. The Defendant exited the truck and Mr. Cursi asked the Defendant if he was okay.

The Defendant, whose head or face was bleeding, responded that he did not need any help. Mr. Cursi could smell alcohol on the Defendant.

Trooper Frederick Gregg of the Pennsylvania State Police was working the midnight shift on December 13, 2003 with his partner, Trooper Eric Zona. Trooper Gregg testified that when they got to the scene the truck was sitting on top of the guardrail and that the Defendant was out of the vehicle. The Defendant was bleeding from the bridge of his nose. The Defendant was holding a single key and a cell phone. Trooper Gregg detected a strong odor of alcohol coming from the Defendant and [noticed] that the Defendant's speech was slurred. The Defendant initially indicated that the truck on the guardrail was not his and that he had not been in an accident. The Defendant stated that he had been in a fight. Trooper Gregg indicated that the truck was registered to the Defendant. The Defendant then indicated that [ ] he was driving the vehicle and that Mr. Cursi ran him off the road.

Trooper Zona indicated that it was 19 degrees that evening but that the roads were dry. He further indicated that there were no adverse weather conditions. He spoke to Mr. Cursi and detected no signs of intoxication. Trooper Zona indicated that the key in the Defendant's possession fit the truck and that the hood of the truck was warm to the touch. The troopers requested that the Defendant do field sobriety tests and noted that he made several mistakes in an attempt to complete the tests. The Defendant refused to submit to chemical testing.

Trial Court Opinion, 03/14/05, at 2–3.

¶ 3 Following a jury trial, O'Black was convicted of Driving Under the Influence of Alcohol, Driving Vehicle at Safe Speed, Careless Driving and Driving While Operating Privilege is Suspended or Revoked. On January 27, 2005, O'Black was sentenced to a period of incarceration not less than 6 months' nor more than 23 months' for the DUI charge and 90 days' incarceration for driving while his operating privilege was suspended or revoked. The remainder of the counts were reduced to fines and costs. O'Black then filed a post sentence motion, which the trial court denied.

¶ 4 O'Black then filed this appeal and raised the following questions for our review:

1. WHETHER THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT BECAUSE THERE IS INSUFFICIENT EVIDENCE TO PROVE THAT THE DEFENDANT OPERATED HIS VEHICLE ON A ROADWAY[?]

2. WHETHER THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT BECAUSE THE VERDICT THAT THE DEFENDANT OPERATED A VEHICLE ON A ROADWAY WHILE UNDER THE INFLUENCE WAS AGAINST THE WEIGHT OF THE EVIDENCE[?]

3. WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS HIS STATEMENTS TO THE POLICE OFFICERS AT THE SCENE OF THE ACCIDENT[?]

4. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO PRESENT DEFENDANT'S VERBAL

STATEMENTS AT THE SCENE OF THE ACCIDENT BECAUSE THEIR PROBATIVE VALUE WAS OUTWEIGHED BY RISK OF PREJUDICE TO THE JUDGE [*sic* ][?]

Brief for Appellant at 4.

 ¶ 5 Preliminarily, we note that there are no notes of testimony or transcript from the trial in this case. It is well established in this Commonwealth that it is "the appellant's responsibility to order the transcript required and ascertain its presence in the record prior to certification for appeal." *Commonwealth v. Osellanie,* 408 Pa.Super. 472, 597 A.2d 130, 131 (1991). This Court contacted the Prothonotary in an attempt to ascertain the whereabouts of a transcript and also reviewed the docket to determine whether a transcript was docketed, but our searches were fruitless. We note that although there appears to be an Order from O'Black to produce the transcript, there is nothing in the docket showing O'Black paid for the transcript. Consequently, "we are compelled to remind defense counsel that it is not the responsibility of this court to obtain a copy of the trial transcript for the purposes of reviewing the client's claims." *Id.* at 132.

¶ 6 We note that this is a far different situation than where there are notes of testimony in the reproduced record, or the notes are referred to by the parties or listed in the record inventory sent to this Court, when we know the transcript or notes of testimony exist but are not in the certified record. In those situations, we well might make an informal inquiry to the trial court to see if there was an error in transmission to this Court or otherwise remand to see if the transcript or notes of testimony can be located and transmitted.

Indeed, this is not a situation where O'Black alleged error on the part of the clerk in transmitting the record.

¶ 7 Finally, we note that the Commonwealth pointed out the lack of a transcript in its brief and suggested that the issues in O'Black's brief were, therefore, waived. Nonetheless, O'Black did not file a reply brief or take any steps to ascertain if the transcript could be included in the record or if a Statement in Absence of Transcript under Pa.R.A.P.1923 could be supplied. To the extent that we are unable to review O'Black's claims on appeal because we do not have an adequate record, we find those claims waived. *See Osellanie,* 597 A.2d at 132.

 ¶ 8 O'Black's first contention on appeal is that the evidence is insufficient to support the verdict. Brief for Appellant at 7. In reviewing a sufficiency claim, we must view all of the evidence in the light most favorable to the Commonwealth as the verdict winner to determine if the fact-finder could have found each element of the crime proven beyond a reasonable doubt. *See Commonwealth v. Hughes,* 521 Pa. 423, 555 A.2d 1264, 1267 (1989). We may not weigh the evidence, nor substitute our judgment for that of the fact-finder. *See Commonwealth v. Zingarelli,* 839 A.2d 1064, 1069 (Pa.Super.2003).

In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every

element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Bullick,* 830 A.2d 998, 1000 (Pa.Super.2003) (quoting *Commonwealth v. Gooding,* 818 A.2d 546, 549 (Pa.Super.2003)).

¶ 9 In this case, however, we do not have a trial transcript by which we could determine whether the evidence was sufficient to sustain O'Black's conviction. Indeed, "absent an adequate record, there is no support for appellant's arguments that the evidence was insufficient ..." *Commonwealth v. Hyde,* 406 Pa.Super. 445, 594 A.2d 703, 705 (1991). *See also Commonwealth v. Williams,* 357 Pa.Super. 462, 516 A.2d 352, 354 (1986) (finding that where appellant failed to provide notes of testimony, this Court could not undertake a meaningful review of appellant's sufficiency claim). In this case, O'Black makes general comments regarding the testimony of certain witnesses and makes similarly vague statements about his own testimony. O'Black has failed to provide any support for his argument that the evidence was insufficient to support his conviction.

¶ 10 In his second question presented, O'Black argues that the verdict was against the weight of the evidence. Brief for Appellant at 12. Pursuant to Pa.R.Crim.P. 607, a challenge to the weight of the evidence must be raised before the trial court. In order for this Court to review a weight of the evidence claim, we must determine whether the trial court abused its discretion in refusing to grant O'Black a new trial. *See Commonwealth v. Widmer,* 560 Pa. 308, 744 A.2d 745, 753 (2000) ("Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence."); *see also Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177, 1189 (1994) (noting that a motion for a new trial arguing the verdict was against the weight of the evidence invokes the discretion of the trial court, and "[a]ppellate review, therefore, is a review of the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence.").

¶ 11 O'Black's post sentence motion does not raise weight of the evidence. Further O'Black does not point out, nor does a review of the record show, any point in time where he requested a new trial on weight of the evidence grounds. Moreover, there is no evidence that he filed a motion requesting a new trial. Because O'Black failed to request a new trial, and the trial court subsequently did not rule on that request, we are unable to determine whether the trial court abused its discretion. *See Commonwealth v. Hodge,* 441 Pa.Super. 653, 658 A.2d 386, 389 (1995) ("An appellate court may only review the trial court's exercise of discretion in granting or denying a new trial on grounds that the verdict was contrary to the weight of the evidence; it may not address the underlying question whether the verdict is against the weight of the evidence.") (citation and internal quotations omitted); *See also Commonwealth v. Greene,* 702 A.2d 547, 558 (Pa.Super.1997) (finding that claim of weight of the evidence must be raised before the trial court and failure to

do so could constitute ineffectiveness of counsel). Because O'Black failed to raise the weight of the evidence issue before the trial court, we find that argument waived.

 ¶ 12 O'Black next argues that the trial court erred in denying O'Black's motion to suppress certain statements made to the police at the scene of accident. Brief for Appellant at 14.

> Our standard of review where an appellant appeals the denial of a suppression motion is well-established: we are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court below were erroneous.

*Commonwealth v. Scott*, 878 A.2d 874, 877 (Pa.Super.2005) (internal citations omitted).

¶ 13 O'Black's argument that the trial court erred in failing to grant his Motion to Suppress is without merit. First, O'Black fails to set forth the section of the record wherein he raised the issue of suppression, let alone filed a motion to suppress. As such, this Court is unable to determine whether O'Black actually filed a motion to suppress and is equally unable to determine whether the trial court's decision to deny the motion to suppress constitutes error. The motion to suppress is not contained in the reproduced record. There is nothing on the docket in this case

which reflects that a motion to suppress was filed. We have repeatedly held that our review is limited to those facts which are contained in the certified record. *See, e.g., Commonwealth v. Walker*, 878 A.2d 887, 888 (Pa.Super.2005) ("[A]s an appellate court, our review is limited by the contents of the certified record."). In this case, the motion to suppress is not contained in the certified record, and as such, it does not exist for purposes of our review. *See, e.g., Commonwealth v. Wint*, 730 A.2d 965, 967 (Pa.Super.1999). Indeed, this Court has no documentation or any other evidence that this issue was raised before the trial court, therefore, it is waived. *See e.g.,* Pa.R.A.P. 302; *Commonwealth v. Brotherson*, 888 A.2d 901, 905–06 (Pa.Super.2005). O'Black has waived his right to argue the trial court's failure to grant his motion to suppress was error.

 ¶ 14 In his final issue, which appears to be a restatement of his third issue, O'Black argues that the judge was prejudiced by the judge's own decision to admit certain out of court statements made by O'Black. Brief for Appellant at 17. It is well established in this Commonwealth that "[q]uestions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of that discretion." *Commonwealth v. Cassidy*, 423 Pa.Super. 1, 620 A.2d 9, 12 (1993) (citation omitted). "Furthermore, not only must a clear abuse of discretion be shown but there must be a showing that actual prejudice has occurred." *Id* (citation omitted).

¶ 15 Before we address O'Black's argument, we note that as the Commonwealth points out, there are a number of places in this section of O'Black's brief which appear to contain notes between individuals working on O'Black's behalf. Further, it ap-

pears that the brief O'Black filed with this Court was not a final draft. Indeed, counsel for O'Black was not sure whether O'Black's trial was before a jury or a judge and, we note that despite a request that "Pete" include what happened at the trial in the brief, this information was not included. Brief for Appellant at 18.

¶ 16 O'Black's argument on this issue fails as well because he again failed to provide a reference to the record where he objected to the admission of the statements and where the trial court rendered its decision on that issue. Nor does O'Black claim that he actually objected to the information. Rather, it appears that O'Black is simply arguing that the statements were prejudicial but entirely fails to aver that an objection was made. Indeed, it appears that the individual responsible for drafting the brief, "L," was without this information as well, as "L" requested that "Pete" include the information regarding any prejudice O'Black suffered because "L" was not at the trial. Brief for Appellant at 18. We note that we are again without any documentation or evidence that O'Black raised this issue before the trial court. Consequently, we find this issue waived.

¶ 17 Further, we find that O'Black failed to set forth how he was prejudiced, despite a request from "L" that the information be added. Because he has failed to show or even allege the manner in which he was prejudiced, O'Black's argument on this issue would fail even if we were to find that the issue was not waived.

¶ 18 For all the foregoing reasons, we affirm the judgment of sentence of the trial court.

¶ 19 Judgment of sentence **AFFIRMED**.