J-S76017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN ELLSWORTH O'HARA | |
| Appellant | No. 786 WDA 2014 |

Appeal from the Order April 9, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): 1034/1065 of 1990

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 5, 2015**

Appellant, John Ellsworth O'Hara, appeals *pro se* from the order entered April 9, 2014, in the Court of Common Pleas of Erie County, which denied his "Petition for Review from Denial of Petitioner's Private Criminal Complaint" filed against the Superintendent of SCI-Albion.  After careful review, we affirm.

On August 9, 1990, O'Hara entered a guilty plea to two counts of Burglary, Aggravated Indecent Assault, and Possessing Instruments of Crime.  The trial court sentenced O'Hara on September 10, 1990.  O'Hara filed a motion for reconsideration of sentence on January 18, 1991, which the trial court denied.  O'Hara did not file a direct appeal.

Over the following years, O'Hara has filed no less than nine PCRA petitions or sundry other motions, all of which were denied as either

meritless or untimely and affirmed as such on appeal. Relative to the instant case, on April 8, 2014, O'Hara filed a "Petition for Review from Denial of a Petitioner's Private Criminal Complaint." O'Hara alleged in the petition that he filed the private complaint against "Nancy Giroux – Superintendent and Jack Denari [sic] – District Attorney, Respondents," on February 28, 2014. Neither the private criminal complaint nor the district attorney's alleged denial of the complaint are noted in the docket or otherwise contained in the certified record. The trial court, noting that the private criminal complaint was not filed by the district attorney's office, treated O'Hara's petition for review as a petition under the Post Conviction Relief Act,[1] and denied the petition. Order, 4/9/14. This timely *pro se* appeal followed.

On appeal, O'Hara raises 22 issues for our review – many of which were not included in his court ordered 1925(b) statement. Preliminarily, we note that O'Hara's failure to ensure a complete certified record precludes our review of the issues he purports to raise on appeal. The fundamental tool for appellate review is the official record of the events that occurred in the lower court, and "appellate Courts are limited to considering only those facts that have been duly certified in the record on appeal." **Commonwealth v. Williams**, 715 A.2d 1101, 1103 (Pa. 1998) (citation omitted). Therefore,

---

[1] 42 PA.CONS.STAT.ANN. §§ 9541-9546.

this Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. *See Commonwealth v. O'Black*, 897 A.2d 1234, 1240 (Pa. Super. 2006). "In the absence of an adequate certified record, there is no support for an appellant's arguments and thus, there is no basis on which relief could be granted." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*).

"Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008). Therefore, "we can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'" *Id*. (citation omitted).

Instantly, as noted, the certified docket contains no record whatsoever that O'Hara filed a private criminal complaint on February 28, 2014, or that the district attorney subsequently disapproved thereof. Deprived as we are of the documents essential to a meaningful review of the purported disapproval of O'Hara's complaint, we are constrained to find that the issues O'Hara raises on appeal are waived.

Even if we were to review O'Hara's claims, they would not merit relief. O'Hara summarizes the gist of his argument thusly:

The Superintendent Nancy Giroux cannot produce or certify in writing [t]hat she has authorization for detention. She caanot [sic] produce the documents that is giving the authorization. Which only goes to show that appellant did prove a prima facie case and that the District Attorney's Office should of [sic] filed the charges against her. Is appellant challenging his conviction, no.

Appellant's Brief at 14-15.

Although O'Hara's brief contains scant citation to supporting legal authority, we gather that he is alleging that the records officer at SCI-Albion had no copy of his sentencing order, and therefore the state prison did not have legal authority to confine him. Section 9764 of the Sentencing Code states, in part, that

> **Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer**, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system … **[a] copy of the sentencing order** and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8) (emphasis added). Recently, in **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014), **appeal denied**, 101 A.3d 787 (Pa. 2014), our Court reiterated:

> None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Id*. at 371. This Court further noted that "courts confronting this issue in the past have deemed a record of the valid imposition of sentence as sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order under [section] 9764(a)(8)." *Id*. at 372.

Instantly, the docket indicates a valid judgment of sentence was entered on September 10, 1990. A copy of the sentencing order is contained in the certified record. Therefore, we would find O'Hara's claim that his detention is illegal under section 9764 to be patently meritless.

Order affirmed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015

---

[2] To the extent the trial court treated O'Hara's petition for review as a serial PCRA petition, we find this decision to have been in error.