J-S07016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| G.M.T., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| S.A.K., | |
| Appellee | No. 924 MDA 2014 |

Appeal from the Order Entered May 6, 2014
In the Court of Common Pleas of York County
Domestic Relations at No(s): 02269 SA 2008

BEFORE: BENDER, P.J.E., OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 01, 2015**

Appellant, G.M.T., appeals from an order entered on May 6, 2014 that denied her request for modification of child support. We affirm.

The trial court summarized the factual and procedural history in this case as follows:

This matter stems from a March 28, 2011, [s]upport [o]rder. Appellant petitioned for modification on March 8, 2012, but the petition was denied by the conference officer. The matter was brought before [the trial c]ourt by Appellant's request for *de novo* review, which was held on June 7, 2012. In an [o]rder [entered on that] date, the [trial c]ourt established Appellant's earning capacity and denied an upward deviation from the support guidelines because Appellant had already been granted an upward deviation based on extracurricular activities.

Appellant filed a timely notice of appeal from th[e June 7, 2012 o]rder on the grounds that the [trial c]ourt erred in calculating her earning capacity and in denying her an upward deviation. [This C]ourt affirmed [the trial c]ourt's determination of earning capacity, but remanded for consideration of whether Appellant

[was] entitled to an upward deviation based on unusual needs and/or Appellee's failure to exercise his custodial rights. [This C]ourt directed the [trial c]ourt to consider the deviation factors found at Pa.R.C.P. 1910.16-5(b). [The trial c]ourt held a hearing on these issues on July 8, 2013. In an [o]rder dated July 11, 2013, the [trial c]ourt considered the deviation factors and denied Appellant's request for an upward deviation based on a lack of unusual needs and Appellee's failure to exercise his custodial rights.

Appellant [appealed from the trial court's July 11, 2013 order] on the grounds that the [trial c]ourt erred in denying her upward deviation based on unusual needs and/or Appellee's failure to exercise his custodial rights. In a memorandum dated March 28, 2014, [this Court] affirmed [the trial c]ourt's denial of an upward deviation on the basis of unusual needs, but remanded [the custody-based deviation back to the trial court].

Trial Court Opinion, 4/21/14, at 2-3.

On May 6, 2014, following remand, the trial court again rejected Appellant's request for an upward deviation based upon her claim that Appellee failed to exercise his custodial rights. The court explained its decision as follows:

Appellee's testimony [regarding his efforts to exercise custody rights] is consistent with the record. Because the [trial c]ourt finds Appellee's testimony credible as to Appellant's efforts to thwart the exercise of his custodial rights, [the court finds] that it would be unjust and inequitable to direct Appellee to pay additional child support when it was Appellant's actions which caused Appellee to [forego] his rights of custody. Moreover, Appellee did make some additional direct expenditures on behalf of Child in the form of gifts and checks. Accordingly, [Appellant] is not entitled to an additional upward deviation based upon Appellee's failure to exercise his custodial rights.

*Id*. at 5.

On June 2, 2014, Appellant filed a timely notice of appeal from the court's May 6, 2014 order. Thereafter, on June 20, 2014, Appellant submitted her concise statement of errors complained of on appeal pursuant to an order issued under Pa.R.A.P. 1925(b). This appeal followed.

Appellant's brief raises the following question for our review:

Whether the domestic relations court erred by denying [Appellant] an upward deviation pursuant to Pa.R.C.P. 1910.16-4 [( explanatory comment)] when the evidence [shows Appellee did not pursue] legal actions to see the Child when said legal procedures were readily available [and known to Appellee, even if Appellant thwarted Appellee's] ability to exercise his visitation rights[?]

Appellant's Brief at 4.

Appellant claims that she is entitled to an upward deviation under the explanatory comment to Pa.R.C.P. 1910.16-4 because Appellees did not exercise his custody rights to the extent assumed in the support guidelines.[1]

_____

[1] In relevant part, the explanatory comment to Pa.R.C.P. 1910.16-4 provides as follows:

The basic support schedule incorporates an assumption that the children spend 30% of the time with the obligor and that the obligor makes direct expenditures on their behalf during that time. Variable expenditures, such as food and entertainment that fluctuate based upon parenting time, were adjusted in the schedule to build in the assumption of 30% parenting time. Upward deviation should be considered in cases in which the obligor has little or no contact with the children. However, upward deviation may not be appropriate where an obligor has infrequent overnight contact with the child, but provides meals and entertainment during daytime contact. Fluctuating

*(Footnote Continued Next Page)*

Appellee does not dispute that he has not exercised custody of the Child for 30% of the time, the rate assumed in the guidelines. Appellee argues, however, that his failure to exercise his custody rights resulted from Appellant's conduct in thwarting his efforts to be involved in the rearing of the Child. The trial court credited Appellee's testimony on this subject and declined to grant Appellant the relief she requested. Appellant alleges that the trial court abused its discretion in making this determination since the evidence showed that she did not interfere with Appellee's custody and visitation rights. In the alternative, Appellant maintains that, even if she did interfere with Appellee's custody rights, her actions should not preclude an upward deviation in the level of support since Appellee failed to seek the various legal remedies that were available to him.

Our Supreme Court has explained the principles that govern this case as follows:

> [A reviewing court applies] an abuse of discretion standard [to matters involving child support]. A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C.P. 1910.1 et seq., or abused its discretion in applying these Rules.

*(Footnote Continued)* ───────────────

> expenditures should be considered rather than the extent of overnight time. Downward deviation may be appropriate when the obligor incurs substantial fluctuating expenditures during parenting time, but has infrequent overnights with the children.

Pa.R.c.P. 1910.16-4 (explanatory comment).

As [the Supreme Court has] said previously, deviations are governed by Rule 1910.16-4 in support proceedings involving parties whose incomes fall within the guideline figures.[FN 1] Subsection (b) of this Rule sets forth the only factors that a trier of fact may consider in determining whether to deviate. The trier of fact is required to consider all relevant factors and any one factor alone will not necessarily dictate that the amount of support should be other than the guideline figure. Rather, the trier of fact must carefully consider all the relevant factors and make a reasoned decision as to whether the consideration thereof suggests that there are special needs and/or circumstances which render deviation necessary. Furthermore, where the trier of fact does determine that the circumstances warrant a departure from the guideline amount, the justification for any such deviation must be explicitly set forth in writing, giving particular attention to those factors which th[e Supreme Court], in adopting the guidelines, has specifically deemed relevant. *See* Pa.R.C.P. 1910.16-4(a). General references to the effect that "all relevant factors have been considered" is wholly insufficient.

FN1. Pa.R.C.P. 1910.16-4 provides:

(a) If the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation.

(b) In deciding whether to deviate from the amount of support determined by the guidelines, the trier of fact shall consider

(1) unusual needs and unusual fixed obligations;

(2) other support obligations of the parties;

(3) other income in the household;

(4) ages of the children;

(5) assets of the parties;

(6) medical expenses not covered by insurance;

(7) standard of living of the parties and their children; and

(8) other relevant and appropriate factors, including the best interests of the child or children.

The presumption is strong that the appropriate amount of support in each case is the amount as determined from the support guidelines. However, where the facts demonstrate the inappropriateness of such an award, the trier of fact may deviate therefrom. This flexibility is not, however, intended to provide the trier of fact with unfettered discretion to, in each case, deviate from the recommended amount of support. Deviation will be permitted only where special needs and/or circumstances are present such as to render an award in the amount of the guideline figure unjust or inappropriate.

*Ball v. Minick*, 648 A.2d 1192, 1196 (Pa. 1994).

Our review of the parties' submissions and the certified record in this case reveals that, although Appellant cited to the notes of testimony from the July 8, 2013 hearing, she failed to include a transcript of the proceedings in the record before us. We remind Appellant and her counsel that, although this Court may make informal inquiries to locate and obtain notes of testimony where it appears that an oversight prevented such materials from reaching us, the burden always remains on the Appellant to ensure that the record is complete on appeal. *See Commonwealth v. O'Black*, 897 A.2d 1234, 1238 (Pa. Super. 2006). Where a party's failure to include the transcripts of relevant testimony in the certified record impedes our ability to review that party's claims, we may find that the party has waived review of those claims. *Id.*

Appellant's omission has substantially hampered our efforts to assess her claim that the trial court abused its discretion in denying the requested relief. We note that the trial court docket reflects that Appellant filed the notes of testimony for the *de novo* hearing that occurred on June 7, 2012. We therefore infer that Appellant's counsel is familiar with the process of requesting transcripts and that the York County prothonotary employs a practice of noting such requests in the docket of each case. Despite this, there is no indication that Appellant requested the transcripts for the July 8, 2013 hearing and no transcripts (either for the hearing on June 12, 2012 or the proceeding on July 8, 2013) were included in the record before us. Since Appellant did not include the transcripts in the certified record, we find that she waived appellate review of her claims.

Even if we were to reach the merits of Appellant's claims, it does not appear that Appellant would be entitled to relief. In this appeal, Appellant makes no argument that the record is devoid of testimony that supports the findings of the trial court. Moreover, the trial court discharged its obligation under the explanatory comment to Pa.R.C.P. 1910.16-4 by considering Appellant's custody-based support deviation. **See** Trial Court Opinion, 4/21/14, at 4-6; **see also** Pa.R.C.P. 1910.16-4 (explanatory comment) (requiring consideration of upward deviation when obligor has little or no contact with children). Instead, Appellant contends that the trial court abused its discretion because it did not credit her version of the facts. This

is not a viable claim that the trial court abused its discretion since there is no allegation that the trial court misapplied the law or reached its determination out of bias, ill will, or prejudice. **See Eichman v. McKeon**, 824 A.2d 305, 312 (Pa. Super. 2003) (defining abuse of discretion as "not merely an error of judgment, but [a misapplication of the law], or [a] judgment exercised [in a] manifestly unreasonable [manner], or [a] judgment [resulting from] partiality, prejudice, bias or ill-will, as shown by the evidence of record"), *appeal denied*, 839 A.2d 352 (Pa. 2003). Under our standard of review, which accords deference to the trial court's credibility determinations, we may not re-weigh the evidence or award relief unless an appellant demonstrates that the trial court failed to consider the rules applicable to support actions or abused its discretion in applying those rules.

Lastly, and for obvious reasons, we are not inclined to award relief based upon Appellant's alternate contention. Here, Appellant asserts that she is entitled to an upward deviation notwithstanding any alleged interference with Appellee's custody rights since Appellee had legal remedies available to him by which he could address Appellant's refusal to cooperate on custody matters. Awarding relief on this ground would only serve to incentivize the type of behavior that our domestic relations rules and procedures are intended to prevent. Thus, this claim lacks merit.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015