J-S56034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY MACK WILLIAMS, | |
| Appellant | No. 509 MDA 2015 |

Appeal from the Judgment of Sentence March 3, 2015
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000873-2013

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 10, 2015**

Appellant, Jeffrey Mack Williams, appeals from the judgment of sentence entered on March 3, 2015, following his non-jury conviction of two counts of driving under the influence (DUI)[1] and related offenses.  On appeal, Appellant claims that the trial court erred in denying his Rule 600 motion.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's December 31, 2013 opinion and our independent review of the certified record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and (b).

On March 4, 2012, Trooper Matthew Lada conducted a traffic stop of a vehicle [Appellant] was driving. Although [Appellant's] operator's license listed an address of 2010 N. 25th Street, Philadelphia, [Appellant] told Trooper Lada that he was living at 639 Park Avenue in Williamsport. Trooper Lada filed a criminal complaint against [Appellant] on April 3, 2012, charging him with [DUI] and summary traffic offenses. A summons was issued on April 10, 2012, but it was returned unclaimed, and an arrest warrant was issued on April 19, 2012.

On April 25, 2012, Trooper Lada went to Park Avenue to attempt to serve the arrest warrant, but he discovered that the specific address 639 Park Avenue did not exist. Trooper Lada forwarded the warrant to the Pennsylvania State Police (PSP) barracks closest to 2010 N. 25th Street in Philadelphia, the address listed on [Appellant's] operator's license.

On July 11, 2012, a corporal at the PSP barracks made a record entry of the warrant in their file. An attempt to serve the warrant was made on November 13, 2012, but was not successful. On January 13, 2013, a warrant letter was mailed to 2010 N. 25th Street. No further efforts were made to locate [Appellant] until he was arrested on May 16, 2013.[a].

[a] Trooper Lada testified that Williamsport police apprehended [Appellant] on July 20, [2013], but the docket transcript from the Magisterial District Judge indicates that [Appellant's] preliminary arraignment was held on May 16, 2013, and he was confined in the Lycoming Count Prison because he was unable to post bail until May 28, 2013.

On July 22, 2013, [Appellant] filed his motion to dismiss, in which he asserted that the Commonwealth failed to exercise due diligence to locate [him] and to prosecute this matter within 365 days from the date the criminal complaint was filed. [Appellant] asserted, and at the hearing on his motion provided documents, that he was charged with DUI on August 27, 2012 in case 1939-2010 under the name Rashwan Jeffrey Williams, and incarcerated in the Lycoming County Prison from October 22, 2012 until November 8, 2012. In addition, he was sentenced on December 4, 2012 and has remained under the supervision of the Lycoming County Adult Probation office since that date. The name Rashwan Jeffrey Williams also appears as one of

[Appellant's] aliases on his JNET criminal history. Defense counsel contends that if the police had searched any databases, they would have discovered that [Appellant] was incarcerated and under supervision under the alias Rashwan Jeffrey Williams.

(Trial Court Opinion, 12/31/13, at 1-2).

Following a hearing, the trial court denied Appellant's Rule 600 motion. On October 13, 2014, the trial court convicted Appellant of the above-mentioned offenses. On March 3, 2015, the trial court sentenced Appellant to a term of incarceration of not less than thirty days nor more than six months. The instant, timely appeal followed. On March 18, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On April 2, 2015, Appellant filed his Rule 1925(b) statement. On May 14, 2015, the trial court issued a statement adopting the December 31, 2013 opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

> Did the court err when it denied [Appellant's] motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600 since the Commonwealth failed to exercise due diligence to locate [Appellant] when [he] was under the supervision of the Lycoming County Adult Probation [O]ffice and incarcerated at the Lycoming County Prison?

(Appellant's Brief, at 11).[2]

Appellant claims the trial court erred in denying his motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600. In evaluating Rule

---

[2] We note that the Commonwealth elected not to file a brief in this matter.

600 issues, our standard of review is whether the trial court abused its discretion. *See Commonwealth v. Bradford*, 46 A.3d 693, 700 (Pa. 2012). The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. *See id.* In reviewing this determination, "[a]n appellate court must view the facts in the light most favorable to the prevailing party." *Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*), *appeal denied*, 948 A.2d 803 (Pa. 2008) (citation omitted).

For the reasons discussed below, we find that this claim is waived. The record reflects that Appellant filed his motion to dismiss on July 22, 2013 and the trial court denied it on December 31, 2013. A hearing took place sometime between these dates. (*See* Trial Ct. Op., at 1-2; Appellant's Brief, at 14). Neither the trial court nor Appellant ever specifies the date of the hearing. While the trial court summarizes the evidence elucidated at the hearing, it does not cite to either the record or any notes of testimony in its opinion. (*See* Trial Ct. Op., at 1-6). In his brief, Appellant cites, without specificity, to notes of testimony and exhibits, none of which are included in the certified record. (*See* Appellant's Brief, at 12-23).[3] There are no notes

_____

[3] We note that, in an appendix to his brief, Appellant appends various documents listed as "Defense Exhibits ## 1-11." None of those documents are part of the certified record. "It is well settled that, [f]or purposes of
*(Footnote Continued Next Page)*

- 4 -

of testimony included in the certified record and there is no reproduced record.[4]  Thus, we are unable to substantiate Appellant's contentions.[5]

It is the appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this Court is able to review his claims.  **See Commonwealth v. B.D.G.**, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*) (holding that claim that victim's execution of general release barred imposition of restitution was waived where appellant failed to include release in certified record).  This Court has stated:

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case.  It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review.  A failure by Appellant to insure that the original record certified for appeal contains sufficient

_____
*(Footnote Continued)* —————————————

appellate review, what is not of record does not exist.  Further, this Court has regularly stated that copying material and attaching it to a brief does not make it a part of the certified record."  **Commonwealth v. Holley**, 945 A.2d 241, 246 (Pa. Super. 2008), *appeal denied*, 959 A.2d 928 (Pa. 2008) (citations omitted).

[4] We note that, while Appellant included a request for transcripts with his notice of appeal, he did not specify which transcripts he sought and did not include the dates in question.  (**See** Request for Transcripts, 3/17/15, at unnumbered page 1).

[5] In an attempt to ascertain whether trial court personnel had inadvertently failed to forward the transcript, this Court contacted the trial court and requested that they search for it.  This Court's request was hampered by the lack of a specific date for the hearing.  The trial court searched for a period of approximately one month and was unable to locate any transcript or even confirm that a speedy trial hearing took place between August and December 2013.

information to conduct a proper review constitutes waiver of the issue sought to be examined.

***Commonwealth v. Martz***, 926 A.2d 514, 524-25 (Pa. Super. 2007), *appeal denied*, 940 A.2d 363 (Pa. 2008) (citations and quotation marks omitted). In ***Commonwealth v. O'Black***, 897 A.2d 1234 (Pa. Super. 2006), we noted that the trial transcript was not in the reproduced or certified record and that our attempt to find the transcript had been unavailing. In finding waiver, we stated,

> We note that this is a far different situation than where there are notes of testimony in the reproduced record, or the notes are referred to by the parties or listed in the record inventory sent to this Court, when we know the transcript or notes of testimony exist but are not in the certified record. In those situations, we well might make an informal inquiry to the trial court to see if there was an error in transmission to this Court or otherwise remand to see if the transcript or notes of testimony can be located and transmitted. Indeed, this is not a situation where [the appellant] alleged error on the part of the clerk in transmitting the record.

***Id.*** at 1238.

Here, we have been unable to ascertain even the date of the speedy trial hearing. It is not listed in the docket and the trial court does not cite to any notes of testimony. The notes of testimony are not listed in the record inventory. While Appellant does cite to notes of testimony in his brief, his citation format is so vague that we are unable to ascertain what notes of testimony he refers to. Our attempts to locate the missing transcript have been so unsuccessful that we are unable to receive confirmation from the trial court that it held a speedy trial hearing within the specific period. Given

this, we have no hesitation in finding that Appellant waived his speedy trial claim. *See B.D.G.*, *supra* at 372; *Martz*, *supra* at 525; *O'Black*, *supra* at 1238.

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/10/2015</u>