J. S25003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRUCE ALLEN BRANDY, | : | No. 2041 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 25, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0014173-2013

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　　**FILED MAY 10, 2016**

Bruce Allen Brandy appeals the judgment of sentence in which the Court of Common Pleas of Allegheny County sentenced him to serve 30 days in the Intermediate Punishment Program with work, school, and medical release eligibility for one count of DUI:  High Rate of Alcohol, 75 Pa.C.S.A. § 3802(B); one count of DUI:  General Impairment/Incapable of Driving Safely, 75 Pa.C.S.A. § 3802(A)(1); and one count of making an improper right turn, 75 Pa.C.S.A. § 3331(a).  The trial court also ordered appellant to attend safe driver classes, undergo a drug and alcohol evaluation, and pay a fine of $775.

Officer John Kiefer ("Officer Kiefer") of the Castle Shannon Borough Police Department was on duty on May 12, 2013, and was parked in his vehicle in a thrift store lot where he monitored the intersection of

Grove Road and Route 88. At approximately 1:00 a.m., Officer Kiefer observed a black Cadillac CTS ("vehicle") turn right from Grove Road onto Route 88 to head south toward Bethel Park. (Notes of testimony, 7/17/14 at 7-9.) Officer Kiefer also saw that the vehicle "made the turn extremely wide. It actually ended up in the turn lane that travels northbound for Grove Road. It's a left turn only lane." (*Id.* at 9.) According to Officer Kiefer, the vehicle "traveled basically the whole length of the lane until it reached the actual capping for the Hamilton turn lane." (*Id.* at 9.) Officer Kiefer got behind the vehicle and initiated a traffic stop. Officer Kiefer noticed that appellant had "glassy, bloodshot eyes. He had [a] moderate odor of an alcoholic beverage coming off of his breath as he spoke. His speech was very slurred. He was very abrasive as far as a personality goes." (*Id.* at 11.) Appellant then failed the field sobriety tests Officer Kiefer asked him to perform and was placed under arrest for DUI. (*Id.* at 11-15.) Appellant was transported to St. Clair Hospital where a phlebotomist administered a blood alcohol test. Appellant's blood alcohol content was revealed to be 0.145%. (*Id.* at 79-80.)

Appellant was charged with the three crimes for which he was convicted as well as failure to keep right, 75 Pa.C.S.A. § 3301(a), which was later withdrawn.

On March 4, 2014, appellant filed a motion to suppress on the basis of an illegal search. On July 17, 2014, the trial court heard the motion.

Officer Kiefer recounted the circumstances which led him to arrest appellant. Marshall Thomas Globicki ("Globicki"), a private investigator, testified on behalf of appellant. Globicki commented on the video from Officer Kiefer's dashboard camera which was played for the trial court. Globicki stated that appellant's vehicle turned "wide, but only for a short period of time" when he made the turn onto Route 88. (Notes of testimony, 7/17/14 at 32-33.) Globicki explained that the curb came out into the roadway such that appellant had to drive into the other lane to clear the curb.[1] (*Id.* at 44.) Globicki further explained:

> So his vehicle would have had to come out straight to avoid going up on the island. But then if you look at that tape, you'll see instantaneously he turned back into his right lane, and you'll even see Hamilton Road on his left. He's already in the right lane. That is where the policeman said he was still in the turning lane. It's very, very clear in that tape.

*Id.* at 44.

Appellant's counsel argued that the stop was not valid because appellant was forced to drive outside his lane due to the protrusion of the curb. Appellant's counsel argued that the vehicle did not travel into the other lane, but if it did, it was only for a very short time to avoid the curb. (*Id.* at 66.) The Commonwealth argued that what was important was Officer Kiefer's testimony that he observed the vehicle "make a right turn into an opposing lane of travel and then continue up." (*Id.* at 71-72.) The

---

[1] Globicki called the curb as an "island." The trial court called it a "curb."

Commonwealth recounted Officer Kiefer's observations of appellant when he made the traffic stop and appellant's failed field sobriety tests which led to his arrest. The Commonwealth did not believe that the curb required travel into the next lane when making the turn. (***Id.*** at 72-73.)

The trial court found Officer Kiefer credible and denied the motion to suppress. (***Id.*** at 76-77.) The Commonwealth incorporated Officer Kiefer's testimony into the merits of the case except for the results of certain of the testing. Following a non-jury trial, the trial court found appellant guilty of the three charges and imposed the sentence described above.

On October 30, 2014, appellant filed for post-trial relief and moved for a new trial because the verdict was against the weight of the evidence and moved for reconsideration of the denial of the suppression motion. Appellant alleged that insufficient weight was given to the traffic video and too much was given to Officer Kiefer's testimony. Regarding suppression, appellant alleged that there was no basis for the traffic stop because appellant did not commit the alleged infraction. As a result, appellant asserted that all evidence obtained after the traffic stop should have been suppressed and was inadmissible.

By order dated November 7, 2014, the trial court denied the motions. With respect to reconsideration of the denial of the motion to suppress, the trial court reasoned:

> The testimony of Officer Kiefer established that the [appellant's] vehicle approached the intersection

where he made a right turn at a red signal without coming to a complete stop. The [appellant] executed a very wide turn south bound which placed his vehicle in the north bound lane of travel for some distance until that lane ended and the [appellant] was forced to re-enter the south bound lane of travel on Route 88. After consideration of the testimony, the exhibits entered as evidence and having assessed the credibility of the witnesses, this court found that the officer had probable cause to stop and cite the defendant for violation of the motor vehicle code. Consequently, this Court denied the Motion to Suppress.

Trial court opinion, 9/24/15 at 6 (footnote omitted).

With respect to the motion for a new trial because the verdict was against the weight of the evidence, the trial court determined:

This court considered all of the evidence presented at trial in reaching the verdict in this case. The [appellant] was stopped for violation of the motor vehicle code and exhibited the classic signs of impairment. The results of field sobriety testing and observations of the [appellant] led the officer to conclude that he was under the influence of alcohol and incapable of safe driving. That was confirmed by the [appellant's] BAC [blood alcohol content] of .145%.

*Id.* at 7-8.

Appellant raises the following issues for this court's review:

I. Did the Trial Court err as a matter of law in denying the Post Trial Motion for a New Trial due to the Verdict being against the Weight of the Evidence?

A. Did the Trial Court err by not giving enough weigh [sic] to the traffic video and by giving too

much weight to the arresting officer's testimony?

B. Did the Trial Court err by not granting the Defendant/Appellant's Pre-Trial Motion?

II. Did the Trial Court err as a matter of law in denying the Pre[-]Trial Motion to Suppress Evidence, as well as by not granting a new hearing on the suppression Motion?

A. Did the Trial Court err in determining the traffic infraction was justifiable despite video evidence to the contrary, evidence making traffic stop evidence inadmissible?

Appellant's brief at 2.

Initially, appellant contends that the verdict was against the weight of the evidence and a new trial should have been granted because the verdict was so contrary to one's sense of justice as to shock the conscience.

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence, . . . rather, appellate review is limited to whether the

> trial court palpably abused its discretion in ruling on the weight claim.
>
> ***Commonwealth v. Kim***, 888 A.2d 847, 851 (Pa.Super. 2005) (citations and quotations omitted). A motion for a new trial based on a challenge to the weight of the evidence concedes the evidence was sufficient to support the verdict. ***Commonwealth v. Davis***, 799 A.2d 860, 865 (Pa.Super. 2002).

***Commonwealth v. Jarowecki***, 923 A.2d 425, 433 (Pa.Super. 2007).

Appellant argues that the trial court erred when it failed to grant him a new trial because the evidence was so lacking in this case as to shock the conscience. According to appellant, entirely too much weight was given by the jury[2] to the testimony of Officer Kiefer while the video evidence was largely ignored. Appellant asserts that the video evidence was unbiased and showed that Officer Kiefer's recollections were incorrect. Appellant argues that the video and Globicki contradicted Officer Kiefer's stated justification for the traffic stop: that appellant made too wide a turn when turning onto Route 88 in violation of Section 3301 of the Vehicle Code, 75 Pa.C.S.A. § 3301 (driving on right side of roadway), and Section 3331(a) of the Vehicle Code, 75 Pa.C.S.A. § 3331(a) (required position and method of turning).

Appellant argues that Globicki's testimony as well as the video evidence contradicts Officer Kiefer's stated justification for the traffic stop and renders the traffic stop improper. Appellant ignores the fact that the

---

[2] Actually, the trial court conducted a non-jury trial.

trial court, as the fact-finder, found Officer Kiefer credible. The trial court heard the testimony of Officer Kiefer and Globicki and viewed the dashcam video. The trial court was familiar with the intersection from its own experience. The trial court believed Officer Kiefer's version of the events that appellant's vehicle left the appropriate right lane when it turned onto Route 88 from Grove Road. The trial court did not believe that Globicki's description of the video and of the intersection as well as the video itself discredited Officer Kiefer's testimony. Essentially, appellant would like this court to reweigh the evidence in his favor. That is not the appellate court's function. *See Kim*, 888 A.2d at 851. Based on the record before this court, we do not believe that the trial court abused its discretion when it declined to grant the motion for a new trial as the verdict does not shock one's sense of justice.[3]

Next, appellant contends that the trial court erred as a matter of law when it denied his motion to suppress evidence and his post-trial reconsideration of the denial of the motion to suppress evidence. Appellant asserts that the trial court erred when it determined that the traffic stop was justifiable even though the video evidence was to the contrary.

---

[3] Interestingly, appellant does not challenge Officer Kiefer's description of his encounter with appellant where appellant exhibited slurred speech, glassy eyes, and smelled of alcohol. He also does not challenge Officer Kiefer's testimony that his performance on the field sobriety tests led Officer Kiefer to place him under arrest or that the subsequent blood test revealed a blood alcohol content of 0.145%. The trial court listed these facts as reasons for the guilty verdict in its opinion.

Initially, we note that our standard of review when an appellant appeals the denial of a suppression motion is well established. We are limited to determining whether the lower court's factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. We may consider the evidence of the witnesses offered by the Commonwealth, as verdict winner, and only so much of the evidence presented by [the] defense that is not contradicted when examined in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court were erroneous. **Commonwealth v. O'Black**, 897 A.2d 1234, 1240 (Pa.Super. 2006), citing **Commonwealth v. Scott**, 878 A.2d 874, 877 (Pa.Super. 2005), **appeal denied**, 586 Pa. 749, 892 A.2d 823 (2005).

**Commonwealth v. Hughes**, 908 A.2d 924, 927 (Pa.Super. 2006). "It is within the sole province of the suppression court judge to weigh the credibility of the witnesses, and he or she is entitled to believe all, part, or none of the evidence presented." **Commonwealth v. Snell**, 811 A.2d 581, 584 (Pa.Super. 2002), **appeal denied**, 820 A.2d 162 (Pa. 2003) (citation omitted).

With respect to vehicle stops based on suspected violations of the motor vehicle code, Section 6308(b) of the Vehicle Code provides:

**(b) Authority of police officer.**--Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the

> driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

In **Commonwealth v. Feczko**, 10 A.3d 1285 (Pa.Super. 2010), this court further explained the state of the law with respect to vehicle stops:

> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, "it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, *which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code*." [**Commonwealth v.**] **Gleason**, 785 A.2d [983] at 989 [(Pa. 2001)].

**Id.** at 1291 (emphasis in original).

Appellant acknowledges that Officer Kiefer testified that he made the traffic stop based on Officer Kiefer's belief that appellant made an extremely wide right turn and traveled in an opposite lane until he moved back into the proper lane. This testimony satisfies the requirements of Section 6308 and **Feczko** in that Officer Kiefer had probable cause to stop the vehicle based on his evaluation that at least one violation of the Vehicle Code had occurred. Further, Officer Kiefer's credible testimony supported the findings of the trial court.

Appellant asks this court to accept the testimony of Globicki and his observations of the video and to reject the testimony of Officer Kiefer. This

court is not the fact-finder and cannot make its own credibility determinations. **Snell**, 811 A.2d at 584. Therefore, appellant's argument fails. Further, appellant admits that Globicki's testimony clearly contradicts Officer Kiefer's. In **Hughes**, this court explained that, when reviewing the denial of a suppression motion, we may consider the evidence of the Commonwealth as verdict winner and only evidence from the appellant that does not contradict the Commonwealth's evidence. Because Globicki's testimony contradicts that of Officer Kiefer with regard to whether appellant's vehicle stayed in the proper lane, this court may not consider it. **Hughes**, 908 A.2d at 927.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/10/2016