J-S03013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANDERSON DWAYNE GREGG :
:
Appellant : No. 12 WDA 2021

Appeal from the Judgment of Sentence Entered September 14, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002392-2019

BEFORE: LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY LAZARUS, J.: **FILED: APRIL 11, 2022**

Anderson Dwayne Gregg appeals from the judgment of sentence, entered in the Court of Common Pleas of Fayette County, following his conviction of possession of firearms prohibited.[1] Upon review, we recognize that the jury trial transcript is absent from the certified record and that it is unclear who was responsible for this omission. Accordingly, we remand with instructions.

On September 10, 2020, a jury convicted Gregg of the above-mentioned crime as a result of a traffic stop that revealed a firearm in the vehicle, as well as a subsequent investigation that revealed Gregg was not permitted to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

possess a firearm. On September 14, 2020, the trial court sentenced Gregg to a term of five to ten years' imprisonment, and to pay costs and fines.

On September 16, 2020, Gregg filed a post-sentence motion, and subsequently filed leave to amend his post-sentence motion, which the trial court granted. Gregg filed a timely amended post sentence motion, and, on December 2, 2020, the trial court denied Gregg's motion.

Gregg, then represented by Peter J. Daley, Esquire, filed a timely notice of appeal. The trial court ordered a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, before Attorney Daley complied, he filed an application to withdraw due to a breakdown in the attorney-client relationship. The trial court granted Attorney Daley's application to withdraw and, on January 8, 2021, appointed Michael P. Ford, Esquire, to represent Gregg on appeal. Attorney Ford then filed a late Rule 1925(b) concise statement.

Prior to addressing Gregg's claim on appeal,[2] we observe that the record before us contains no transcripts, and their absence impedes our review. ***See Commonwealth v. Preston***, 904 A.2d 1, 6-7 (Pa. Super. 2006) (matters not in record may not be considered on appeal, and this Court may not consider any documents not included in certified record). Generally, "the responsibility

---

[2] A review of Gregg's appellate brief reveals he raises one challenge to the sufficiency of the evidence, which we cannot review without the appropriate transcripts. ***See*** Brief for Appellant, at 10-14.

rests upon the appellant to ensure that the record certified on appeal is complete . . . ." *Id.* at 7. However, we are mindful of the following:

> Under [Pa.R.A.P.] 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not the appellate courts. Pa.R.A.P. 1931.
>
> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). . . . When the appellant . . . fails to conform to the requirements of 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. [***Commonwealth v. Williams***, 715 A.2d 1101, 1105 (Pa. 1998)]. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.
>
> In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouring around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, . . . that may well have been presented to the trial court but were never formally introduced and made part of the certified record. ***Commonwealth v. Blystone***, … 617 A.2d 778, 783 n.4 ([Pa. Super.] 1992). If, however, a copy of a document has been placed into the reproduced record, or **if notes of testimony are cited specifically by the parties** or are listed in the record inventory certified to this Court, then we have reason to believe that such evidence exists. [***See Commonwealth v. O'Black***, 897 A.2d, 1234, 1238 (Pa. 2006)]. In this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court. *Id.* We might also **formally remand the matter to the trial court** to ascertain whether notes of testimony or other documentation can be located and transmitted. *Id.* If a remand is necessary, it is appropriate

- 3 -

to **direct the trial court to determine why the necessary documentation was omitted from the certified record.** *Williams*, 715 A.2d at 1107. An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an "extraordinary breakdown in the judicial process." *Id.* at 1106. However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed.

*Preston*, 904 A.2d at 6-8 (Pa. Super. 2006) (emphases added) (some citations omitted).

Instantly, neither Attorney Daley nor Attorney Ford filed a request for transcripts. However, as the trial court notes in its opinion, it is unclear who was responsible for this omission. *See* Trial Court Opinion, 4/15/21, at 1. Nevertheless, both Gregg and the Commonwealth cite to the jury trial transcript in their respective appellate briefs. Moreover, it is clear from our review of the record that a jury trial was conducted, and the transcript of this proceeding is merely absent from the certified record. Therefore, we have "reasons to believe this evidence exists." *See O'Black*, *supra*. Accordingly, we remand to the trial court to determine whether the September 2020 jury trial transcript exists, and to determine why it was absent from the record. *See Preston*, *supra*. Further, if such a transcript does exist, we direct the trial court to supplement the certified record within 30 days of the date of this Order.

Case remanded with instructions. Panel jurisdiction retained.