J-A06020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE RICHARD NEILL | : | No. 445 WDA 2023 |

Appeal from the Order Entered March 20, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000487-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

CONCURRING MEMORANDUM BY BECK, J.:     **FILED: April 30, 2024**

I agree with the Majority that the Commonwealth's failure to ensure the completeness of the certified record on appeal before this Court waives its claim of error.  I disagree, however, with the Majority's decision to proceed with an alternative analysis, addressing the substantive claim raised.  In my view, and as the Majority otherwise correctly concludes, the state of the record impedes our review—therefore, the claim is waived.  ***See Commonwealth v. O'Black***, 897 A.2d 1234, 1240 (Pa. Super. 2006).

Further, in conducting its alternative analysis, the Majority addresses only the trial court's finding that the prior bad acts evidence in question was properly excluded because it was too dissimilar to constitute a common plan or scheme.  ***See*** Maj. Op. at 7-9.  The Commonwealth, however, also sought admission of the evidence to prove Dale Richard Neill's motive, intent,

opportunity, and absence of mistake or accident in the underlying case and raises arguments in support of these contentions in its brief before this Court. *See* Commonwealth's Brief at 18-22.

Although I recognize that there is value in conducting an alternative analysis in many cases, where, as here, the record is so incomplete that the Court is unable to discern if it supports the trial court's decision, we are unable to properly perform our appellate function. ***See Commonwealth v. Montalvo***, 986 A.2d 84, 94 (Pa. 2009) (recognizing that the abuse of discretion standard of review requires a finding based upon the record).

Simply put, the certified record on appeal is incomplete, precluding this Court's review of the claim raised by the Commonwealth on appeal. As the Commonwealth has thus waived its claim, I respectfully concur in the result reached by the Majority.