J-S31021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH DEWAYNE SHAFFER, JR. | |
| Appellant | No. 1410 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 18, 2018
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0002253-2017

BEFORE:  OLSON, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 29, 2019**

Appellant, Kenneth Dewayne Shaffer, Jr., appeals from the September 18, 2018 judgment of sentence imposing two to four years of incarceration for failing to verify his address and failing to provide accurate information in violation of 18 Pa.C.S.A. § 4915.1(a)(2) and (3).[1]  We affirm.

---

[1] The statute provides, in relevant part, as follows:

> **(a) Offense defined.**--An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> [...]
>
> (2) verify his address or be photographed as required under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25[.]

The record reveals that Appellant is a convicted sex offender subject to quarterly registration requirements for the rest of his life.  N.T. Trial, 9/5/15, at 36.  Appellant had been registering his address in January, April, July, and October, since October of 2009.  *Id.*  In April of 2017, Appellant informed Pennsylvania State Police Trooper Nicole Sigwalt that he was living in an apartment at 30 Searight Avenue, Uniontown, Pennsylvania.  *Id.* at 38.  The landlord, however, testified that Appellant moved out of that apartment, at the landlord's request, in March of 2017.  *Id.* at 21.  Appellant was required to notify police within three days of that move but he failed to do so.  *Id.* at 38.  Appellant also missed his July 17, 2017 registration deadline.  *Id.* at 39. On September 18, 2017, Appellant appeared at a local police station three times, reporting several different addresses.  *Id.* at 40.  On the first occasion, he listed 30 Searight Avenue as his mailing address, and 13 Furlong Court as his residence.  *Id.*  At a second visit on September 18, 2017, Appellant claimed he lived at 3 Bryson Boulevard, and that he received mail at a Post Office box. *Id.* at 41.  At a third visit later that day, Appellant provided the same information he did at the second visit.  *Id.* at 42.

---

(3) provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25.

18 Pa.C.S.A. § 4951.1(a)(2), (3).  Section 4915.1 was amended on June 12, 2018, effective immediately and applicable to offenses committed on or after December 20, 2012.  2018 P.L. 140, No. 29 ,§ 1 (June 12, 2018).  The amendment did not affect the subsections at issue here.

Based on the foregoing, police arrested Appellant and charged him with the aforementioned offenses. At the conclusion of the September 5, 2017 trial, the jury found Appellant guilty on both counts. The trial court imposed sentence as set forth above, and this timely appeal followed. Appellant now challenges the sufficiency of the evidence in support of his convictions.

Our standard of review is well settled:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

*Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011).

On Appeal, Appellant claims the evidence is insufficient because the Commonwealth failed to prove that he was knowingly in violation of § 4951.1(a)(2) and (3), as required by the express statutory language. The record fails to support that contention, as Trooper Sigwalt testified in detail as to Appellant's knowledge of, and failure to comply with, his registration requirement. N.T. Trial, 9/5/17, at 34-43.

We have reviewed the parties' briefs, the applicable law, the record, and the trial court's opinion. We conclude that the trial court's November 13, 2018

opinion accurately addresses Appellant's issue. We therefore affirm the judgment of sentence based on our observations above and the analysis in the trial court's opinion. We direct that a copy of the trial court's November 18, 2018 opinion be filed along with this memorandum.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/29/2019

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA,                          :
                                       :
                                       :
VS.                                    :
                                       :
                                       :
KENNETH WAYNE SHAFFER.,                 :
                                       :                     2253 of 2017
Defendant.                             :        No. 574 of 2011

**OPINION IN SUPPORT OF JURY VERDICT
PURSUANT TO Pa.R.A.P. 1925**

SOLOMON, S.J.                                          November 13, 2018

Following trial by jury, Kenneth Wayne Shaffer, Defendant, on September

5, 2018, was found guilty of Verify Address or Photographed as Required and

Provide Accurate Information. After this Court imposed sentence upon Defendant,

he filed a Notice of Appeal. Pursuant to this Court's Order, Defendant then filed

the following concise statement of error complained of on appeal:

1. Whether the evidence provided at trial was legally and factually sufficient to
   prove that Defendant committed the crime of Failure to Comply with
   Registration Requirements; specifically, Failure to Register His Address and
   Failure to Provide Accurate Information.

This Opinion is in support of the verdict of the jury.

N0 20

## STATEMENT OF THE CASE

On July 13, 2017, Lieutenant Thomas Kolencik of the Uniontown City Police Department went to the last known address of Defendant, according to Megan's Law records, which was 30 Searights Avenue, in the City of Uniontown. N.T., 9/5/18 at 5-6, 10. At that residence, he spoke with the current resident, who had lived there since June, and was advised that she did not know the Defendant. *Id.* at 8. Lieutenant Kolencik later spoke with the landlord and was told that Defendant had lived at that address from December, 2016, to April, 2017. *Id.* at 10.

The current resident of 30 Searights Avenue, Uniontown, Jaycie Crawford, testified that she lived at that address since June 17, 2017, and the house was vacant at that time. *Id.* at 13-15. She further testified that Defendant did not live there and that she had never seen him before. *Id.* at 16. The owner of the residence, Margaret Angelo, testified that she knows Kenneth Shaffer, and that he had rented the house at 30 Searights Avenue. *Id.* at 20. Although her daughter owns the residence, she had collected the rent from Defendant since he moved in in 2016. *Id.* at 21. The last rent collected from Defendant was in March of 2017, the month Defendant moved out. *Id.* 21-22.

Trooper Nicole Sigwalt, a Criminal Investigator with the Pennsylvania State Police, testified that she is the Megan's Law liaison, and is certified as such. *Id.* at 26-27. Identifying Defendant, Trooper Sigwalt testified that she had updated Defendant in April of 2017, and that Defendant is subject to the registration requirements under Megan's Law. *Id.* at 33-34. She further testified that Defendant is a Tier Three and, as such, he is required to register every April, July, October, and January during his lifetime, beginning on October 29, 2008. *Id.* at 36. Further, if Defendant changed his residence, he had three days to come in and give notification that he had moved. *Id.* at 38.

In further testimony, Trooper Sigwalt testified that on April 17, 2017, Defendant appeared at the Pennsylvania State Police Barracks and verified his address as 30 Searight Avenue, Uniontown, Fayette County. *Id.* at 38. Thereafter, Defendant did not appear to register until September 18, 2017, missing his required quarterly registration in July. *Id.* at 39-40. On September 18, 2017, Defendant came to the Pennsylvania State Police Barracks several different times. *Id.* at 40. The first time he gave his address as 13 Furlong Court with a mailing address of 30 Searight Avenue. *Id.* Defendant later returned on that date and gave an address of 3 Bryson Boulevard and a gave as his mailing address a PO Box in Smithfield, not

3

mentioning 30 Searight Avenue. *Id.* at 41. Defendant then returned for a third time and gave the same information as he had on his second visit. *Id.* at 42.

Upon this testimony, a jury of his peers found Defendant guilty of the crimes of Verify Address or Photographed as Required and guilty of the crime of Provide Accurate Information as provided for in Megan's Law.

## DISCUSSION

The standard applied in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Ratsamy*, 885 A.2d 1005, 1007 (Pa.Super. 2005). In applying the above test, the Court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id.* In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *Commonwealth v. O'Black*, 897 A.2d 1234, 1238 (Pa.Super. 2006). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances. *Ratsamy, supra.*, 885 A.2d at 1007.

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Id.* Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. *Id.* Finally, the trier of fact, while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003), *quoting Commonwealth v. Gooding*, 818 A.2d 546, 549 (Pa.Super. 2003).

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235 ( Pa. 2007). The Court must simply determine whether the evidence believed by the trier of fact was sufficient to support the verdict. *Id.* With these precedents to guide us, we will discuss the issues raised by Defendant.

The offense of Verify Address or Photographed as Required is self-explanatory. The Defendant is subject to the registration requirements under Megan's Law and, as a Tier Three, he is required to register every April, July, October, and January during his lifetime. This requirement began on October 29,

5

2008. Further, if Defendant changes his residence, he has three days to come in and register his new address.

The Defendant registered on April 17, 2017, and gave his address as 30 Searight Avenue. He then moved from that address sometime before June, 2017, did not appear for his required registration in July, 2017, and failed to register a new address until September 18, 2017, clearly well beyond his required time of three days to provide that information.

Thus, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there was sufficient evidence to enable the fact-finder to find every element of this crime beyond a reasonable doubt.

As to the crime of Provide Accurate Information, we will not reiterate the evidence set forth, *supra*. That evidence shows that the Defendant moved from his registered residence sometime before June, 2017, and did not register his new residence as required. Further, when he finally appeared on September 18, 2017, he provided two different home addresses along with two different mailing addresses.

Hence, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there was sufficient evidence to

enable the fact-finder to find every element of this crime beyond a reasonable doubt.

WHEREFORE, it is respectfully submitted that the appeal of Appellant lacks merit and should be denied.

BY THE COURT,

_____ S.J.
GERALD R. SOLOMON,
SENIOR JUDGE

ATTEST:

FILED
2018 NOV 13 PM 2:44
JANICE SNYDER
FAYETTE COUNTY
CLERK OF COURTS

11-13-18 2:50
DIST/DATE

DEF _____
DA ____|_____
PO _____|_____
PD ____|_____
WARD ____|_____
SHER _____
CA ____|_____
ATTY _____
CC _____
BKG.CTR _____
PR.SLV.CRT. _____

Journal-1