J-S10020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ACOSTA | : | |
| | : | |
| Appellant | : | No. 770 EDA 2022 |

Appeal from the PCRA Order Entered March 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001322-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ACOSTA | : | |
| | : | |
| Appellant | : | No. 771 EDA 2022 |

Appeal from the PCRA Order Entered March 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001323-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ACOSTA | : | |
| | : | |
| Appellant | : | No. 772 EDA 2022 |

Appeal from the PCRA Order Entered March 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001324-2015

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                          **FILED JUNE 01, 2023**

Michael Acosta appeals from the orders, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After review, we affirm.

This Court previously summarized the factual history of this case as follows:

> During the evening of October 25, 2014, Angel Pagan met his then-girlfriend, Tiffany Leach, at her residence.  [] Leach entered [] Pagan's car, and they drove away.  Within minutes, the two began to argue, and [] Leach asked [] Pagan to take her home. [] Pagan complied.  As they approached [Leach's] house, [she] observed a person squatting behind a car on the sidewalk across from her home.  [] Leach recognized this person as her former boyfriend, [Acosta].
>
> As [] Leach turned toward [] Pagan to indicate that [Acosta] was on the sidewalk, [Acosta] stood and fired a weapon at [] Pagan's car. [] Pagan immediately placed his car in reverse and attempted to flee.  [Acosta] fired a second shot at the vehicle as it escaped. Neither person was injured; however, [] Pagan's vehicle was damaged by a single bullet hole in the driver's side door.  [] Leach and [] Pagan fled to [Pagan's] father's house, which was located nearby.  As they arrived, [] Leach received a telephone call from her mother, who was located inside [] Leach's residence at the time of the shooting, indicating that the police had been summoned and that they should return to provide a statement. Subsequently, [] Leach and [] Pagan gave the police [statements] identifying [Acosta] as their attacker.

---

[1] Acosta has filed separate notices of appeal from each order in accordance with Pa.R.A.P. 341 and our Supreme Court's decision in ***Commonwealth v. Walker***, 195 A.3d 969 (Pa. 2018).  Additionally, all three appeals raise identical claims and arise out of a consolidated trial docket.  Accordingly, for purposes of our disposition, this Court consolidated the appeals *sua sponte*. ***See*** Pa.R.A.P. 513; Order, 10/12/22 (consolidating appeals).

> The following day, [Acosta] and an unidentified male approached [] Pagan at his place of employment. [Acosta] confronted [] Pagan, and the other individual threatened him. After the encounter, [] Pagan notified police and filed a report.

***Commonwealth v. Acosta***, 174 A.3d 44 (Pa. Super. 2017) (Table).

At Docket No. CP-51-CR-1322-2015 Acosta was charged with intimidation of a witness[2] and conspiracy.[3] At Docket No. CP-51-CR-0001323-2015 Acosta was charged with one count each of aggravated assault,[4] aggravated assault with a deadly weapon,[5] firearms not to be carried without a license,[6] carrying a firearm in public in Philadelphia,[7] person not to possess a firearm,[8] simple assault,[9] recklessly endangering another person (REAP),[10] and possession of an instrument of crime (PIC).[11] At Docket No. CP-51-CR-0001324-2015 Acosta was charged with one count each of aggravated assault

---

[2] 18 Pa.C.S.A. § 4952(a)(1).

[3] ***Id.*** at § 903(c).

[4] ***Id.*** at § 2702(a)(1).

[5] ***Id.*** at § 2702(a)(4).

[6] ***Id.*** at § 6106(a)(1).

[7] ***Id.*** at § 6108.

[8] ***Id.*** at § 6105(a)(1).

[9] ***Id.*** at § 2701(a)(1).

[10] ***Id.*** at § 2705.

[11] ***Id.*** at § 907(a).

and aggravated assault with a deadly weapon. Acosta proceeded to a consolidated jury trial, during which the charges of REAP, PIC, and simple assault were *nolle prossed*. The jury convicted Acosta of the remaining offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report and a mental health evaluation. On December 18, 2015, the trial court sentenced Acosta to an aggregate term of eleven to twenty-two years' incarceration. Acosta appealed to this Court, and, on June 6, 2017, we affirmed his judgment of sentence. **See Acosta**, **supra**. Acosta did not seek review in our Supreme Court.

On October 26, 2017, Acosta filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel, and, on May 9, 2019, PCRA counsel filed an amended PCRA petition. On November 15, 2019, the Commonwealth filed a motion to dismiss. On December 31, 2019, Acosta filed a response. On October 4, 2021, the PCRA court conducted an evidentiary hearing. On March 3, 2022, the PCRA court dismissed Acosta's PCRA petition as meritless. Acosta filed a timely notice of appeal, and both Acosta and the trial court complied with Pa.R.A.P. 1925.[12]

Acosta now raises the following claims for our review:

1. Did the PCRA court err in dismissing the PCRA petition as being without merit as trial counsel was ineffective for failing to call a

_____

[12] Prior to the filing of his Rule 1925(a) statement, Acosta's counsel filed an application to withdraw with this Court. **See** Application to Withdraw, 5/12/22. This Court granted the application and directed the PCRA court to appoint new counsel. The PCRA court appointed Daniel Alvarez, Esquire, who remains as counsel at the time of this decision.

ballistics expert. A defense expert would have testified that it was not possible to conclude that the car door defect was a bullet hole, that concluding that the defect being a "bullet hole" was not supported by any physical evidence, and that there was no physical evidence that recovered fired cartridge casings were connected to the defect in the car door. Trial counsel's deficient performance resulted in prejudice to [Acosta] and had such defense expert testimony been provided there is a reasonable probability that the trial outcome would have been favorable to [Acosta.]

2. Did the PCRA court err in dismissing [Acosta's] PCRA petition as being without merit as trial counsel was ineffective for failing to request a curative jury instruction where a police witness referred to a picture of [Acosta] as one pulled from prison release (mug shot). This evidence was unfairly prejudicial and deprived [Acosta] of a fair trial, violated his due process rights, and had such a curative instruction been provided[,] there is a reasonable probability that the trial outcome would have been favorable to [Acosta.]

Brief for Appellant, at 4.

When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general[,] we may affirm the decision of the [PCRA] court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

Both of Acosta's claims challenge the effectiveness of his trial counsel. Generally, counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

- 5 -

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and, (3) but for counsel's ineffectiveness[,] there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

"Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). Additionally, courts should not deem counsel's strategy or tactic unreasonable "unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Id.*

In Acosta's first claim, he contends that trial counsel was ineffective by failing to challenge whether the hole in the car was caused by a bullet, and by failing to secure a ballistics expert to determine whether the hole was caused by a bullet. *See* Brief for Appellant, at 16-17. Acosta argues that this failure prejudiced him because trial counsel invariably accepted the Commonwealth's theory that a shooting had occurred. *Id.* at 16. In pursuit of his PCRA, Acosta retained Frederick Wentling, a firearm and tool mark expert, who testified that the Commonwealth's trial evidence did not support a conclusion that the hole

in the vehicle was caused by a bullet. *Id.* at 17-18. Acosta contends that the outcome of his trial would have been different if trial counsel had secured and presented the testimony of a ballistics expert. *Id.* at 17-20. We disagree.

"Where a claim is made of counsel's ineffectiveness for failure to call witnesses, it is the appellant's burden to show that the witness existed and was available." ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1143 (Pa. 2011). Further, appellant must prove that "**counsel was aware of, or had a duty to know of the witness**; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice to the appellant." *Id.* (emphasis added). "The mere failure to obtain an expert [] witness is not ineffective [assistance of counsel.]" *Id.*

Preliminarily, we observe that Acosta has not attempted to assert, let alone prove, that trial counsel knew of, or had a duty to know of, Wentling. Furthermore, while Acosta presented Wentling's testimony[13] at the PCRA evidentiary hearing, he argues, in his brief, that trial counsel should have secured **an** expert. It is simply not enough to generally contend that counsel should have secured an expert. Accordingly, Acosta's failure to satisfy this element is fatal to his claim and he is granted no relief. ***See Chmiel***, ***supra***.

---

[13] Wentling testified that he was unable to determine from the existing evidence whether the hole had been caused by a bullet. ***See*** N.T. PCRA Hearing, 10/4/21, at 7, 33 (Wentling testifying evidence had been destroyed since trial and, therefore, Wentling could not confirm whether hole had been caused by bullet). Rather, Wentling's testimony focused on the evidence presented by the Commonwealth at trial, which, Wentling concluded, was insufficient to demonstrate the hole in the vehicle had been caused by a bullet. *Id.* at 26, 31.

Moreover, the PCRA court, in its well-reasoned opinion, concluded that Acosta had failed to demonstrate that trial counsel lacked a reasonable basis for failing to call a ballistics expert at trial. *See* PCRA Court Opinion, 11/9/22, at 4-14. Indeed, it is apparent from the record that Acosta's trial strategy was to contend that Pagan, not Acosta, was the shooter and that Pagan and Leach were attempting to frame Acosta. *See id.* at 10-14; *see also* N.T. PCRA Hearing, 10/4/21, at 42-44. In pursuit of this defense strategy, it was imperative that trial counsel agree with the Commonwealth that **a shooting** had occurred, otherwise she could not pin the actions upon Pagan. PCRA Court Opinion, 11/9/22, at 11-14. Thus, contrary to Acosta's claim, trial counsel had a reasonable basis to agree that the hole was caused by a bullet, and, therefore, Acosta's claim fails. *See Koehler*, *supra*; *Holt*, *supra*.

In his second claim, Acosta argues that trial counsel was ineffective when she failed to request a curative instruction after the Commonwealth inappropriately referenced his mug shot. *See* Brief for Appellant, at 20-21. Acosta claims that he and the Commonwealth had agreed that there "would be no testimony of [Acosta]'s recent release from prison and mention of his absence would simply be explained as [Acosta] being 'out of town.'" *Id* at 22. Acosta contends that the Commonwealth nevertheless infringed on this agreement when Police Officer Richard Nicoletti told the jury he had received Acosta's photo from a prison release. *Id.* Acosta acknowledges that trial counsel objected to this testimony and the trial court sustained the objection and struck the testimony from the record, but he argues that counsel lacked

a reasonable basis for failing to further request a curative instruction. *Id.* at 21-23. Acosta further contends that the outcome of his jury trial would have been different if trial counsel had sought and received a curative instruction. *Id.* at 23. Acosta is afforded no relief.

At the PCRA hearing, trial counsel testified and agreed that such an agreement with the Commonwealth existed. *See* N.T. PCRA Hearing, 10/4/21, at 47-48; PCRA Court Opinion, 11/9/22, at 16 (quoting objection exchange from N.T. Jury Trial 8/25/15, at 49).[14] Additionally, trial counsel stated that she did not request a cautionary instruction because Acosta's mug shot was only referenced a single time, in a trial spanning multiple days with multiple witnesses. *See* N.T. PCRA Hearing, 10/4/21, at 48-49; PCRA Court Opinion, 11/9/22, at 16-18. Moreover, trial counsel testified that she did not want to draw the jury's attention to the statement. *Id.* Further, the trial court sustained trial counsel's objection and ordered the reference stricken from the record. PCRA Court Opinion, 11/9/22, at 16 (quoting objection exchange from N.T. Jury Trial 8/25/15, at 49).

In light of the foregoing, we conclude that Acosta is not entitled to relief on this claim. It is well-settled that the decision whether to seek a jury

---

[14] We note that the first day of the jury trial, August 25, 2015, appears to be omitted from the certified record on appeal. Nevertheless, it is not in dispute that this objection occurred, was sustained, and the testimony stricken. Additionally, the PCRA court, in its opinion, has block quoted the salient passages for our review. Accordingly, we conclude that the absence of this transcript has not impeded our review of this claim. *See Commonwealth v. O'Black*, 897 A.2d 1234, 1238 (Pa. 2006) (where notes of testimony are cited specifically by parties, this Court has reason to believe such evidence exists).

instruction implicates a matter of trial strategy. ***See Commonwealth v. Hawkins***, 894 A.2d 716, 730 (Pa. 2006). Therefore, trial counsel's decision to attempt to minimize the brief reference to Acosta's prison release was reasonable. ***Id.***; ***Koehler***, ***supra***. Accordingly, Acosta cannot show that trial counsel's action lacked a reasonable basis, and his claim fails. ***See Holt***, ***supra***.

Orders affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>*6/1/2023*</u>

- 10 -